**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**WENDELL DUNCAN, #32726**                                                             **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 4:09-cv-177-HTW-LRA**

**DALE CASKEY, et al.**                                                                    **DEFENDANTS**

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

BEFORE THE COURT is Plaintiff's Motion [11] to Reconsider filed February 19, 2010. Plaintiff, a prisoner proceeding *pro se*, moves the Court to reconsider the Order [9] of dismissal and Final Judgment [10] entered on January 26, 2010. Having considered the issues raised in the motion, the Court finds that the motion is not well-taken and should be denied.

Although a "motion for reconsideration" is not explicitly recognized by the Federal Rules of Civil Procedure, a litigant's request for such relief is evaluated as a motion "to alter or amend judgment" under Rule 59(e) or as motion for "relief from judgment" under Rule 60(b). *See Rogers v. KBR Technical Services, Inc.*, 2008 WL 2337184, *5 (5th Cir. June 9, 2008)(*citing Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds*). A motion filed within ten days of the Court's final judgment will be reviewed as a motion to alter or amend the judgment pursuant to Rule 59(e). *See Rogers*, 2008 WL 2337184, at *5 (*citing Lavespere*, 910 F.2d at 173). Although Plaintiff's Motion [11] to Reconsider was filed on February 19, 2010, the Court will review Plaintiff's request under Rule 59(e) as well as Rule 60(b) of the Federal Rules of Civil Procedure.[1]

---

[1] Since Plaintiff's Motion [11] asserts claims regarding his access to the courts, the Court will consider his request under both standards.

In order to obtain relief under Rule 59(e), Plaintiff "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir.2003)(citation omitted). The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e), a district court should consider the following non-inclusive factors: (1) the reasons for the plaintiffs' default; (2) the importance of the evidence to the plaintiffs' case; (3) whether the evidence was available to the plaintiffs before they responded to the underlying motion; and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened. *Sturges v. Moore*, 73 Fed. App'x. 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994)). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id.* at 626.

The Order of dismissal entered on January 26, 2010, denied Plaintiff's request to proceed as a pauper based on his "three strikes" pursuant to 28 U.S.C. § 1915(g). The Order thoroughly addressed Plaintiff's claims regarding "imminent danger" and Plaintiff has failed to present any additional information contrary to the conclusion set forth in the Court's Order of dismissal. Thus, Plaintiff's Motion [11] to Reconsider, as a request under Rule 59(e) of the Federal Rules of Civil Procedure, will be denied.

A party seeking relief under Rule 60(b) must show: (1) mistake, inadvertence, surprise,

or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b). "A motion filed pursuant to Rule 60(b) requires a showing of 'extraordinary circumstances.'" *Munoz v. Fortner*, 308 Fed. App'x 816, 818 (5th Cir. 2009)(citing *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir.2002)).

Plaintiff does not assert any of the grounds required by Rule 60(b). Plaintiff is merely expressing his disagreement with the ruling of the Court and reasserts some of the same arguments he presented in his complaint. Thus, Plaintiff's Motion to Reconsider, as a request under Rule 60(b) of the Federal Rules of Civil Procedure, will be denied. *See generally Haygood v. Quarterman*, 2008 WL 3244144, at *3-4 (5th Cir. 2008). After thorough consideration of the Motion submitted, the entire court record and relevant case law, the Court concludes that Plaintiff has failed to satisfy the requirements for obtaining relief pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Therefore, it is hereby,

ORDERED that Plaintiff's Motion [11] to Reconsider is **denied.**

SO ORDERED this the 8th day of April, 2010.

        s/ HENRY T. WINGATE
        CHIEF JUDGE
        UNITED STATES DISTRICT COURT